```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| LUIS LABASTIDA | : | |
|     Petitioner | : | |
| v. | : | Criminal No. DKC 16-001-005 |
|  |  | Civil Action No. DKC 18-1334 |
|  | : |  |
| UNITED STATES OF AMERICA | | |
|     Respondent | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to vacate sentence filed pursuant to 18 U.S.C. § 2255 by Petitioner Luis Labastida ("Mr. Labastida"). (ECF No. 163). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.   Background**

On June 14, 2016, Mr. Labastida pled guilty to Count One of the Indictment, conspiracy to possess and distribute a Schedule II controlled substance, in violation of 21 U.S.C § 846. (ECF No. 96). As part of the plea agreement, the parties stipulated that, pursuant to then-applicable United States Sentencing Guidelines ("U.S.S.G"), the base offense level as to Count One was 30. The parties further agreed that if Mr. Labastida was eligible for the safety valve provision (18 U.S.C. § 3553(f)) of the sentencing guidelines, then a two-level downward adjustment could be made.

No agreements were made with respect to Mr. Labastida's criminal history category.  (*Id.*, at 4).

Ultimately, Mr. Labastida did not qualify for the safety valve provision because he had more than one criminal history point given two prior alcohol-related driving offenses.  (ECF No. 137, at 13). Nonetheless, a three-level reduction was recommended for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in an offense level of 27 and criminal history category of II.  The Guidelines sentencing range for a base offense level of 27 and criminal history category of II is between 78 and 97 months.  (*Id.*).  On September 12, 2016, the court sentenced Mr. Labastida to 66 months of imprisonment.  (*Id.*).

Mr. Labastida appealed his sentence to the United States Court of Appeals for the Fourth Circuit alleging that:  (1) his plea was not knowing and voluntary given the failure to provide him with Spanish translations of the indictment and guilty plea; (2) the district court erred in calculating his offense level; and (3) his plea counsel was ineffective.[1]  The Court of Appeals affirmed his conviction on June 27, 2017.  *See United States v. Labastida*, 700 Fed.Appx. 193 (4th Cir. 2017) (unpublished).

---

[1] The first argument was raised by appellate counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967).  The second and third arguments were raised independently by Mr. Labastida in a separate *pro se* brief.

On May 4, 2018, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.  (ECF No. 163).  On May 14, 2018, the court ordered the government to respond within 60 days of the Order and allowed Mr. Labastida to reply within 28 days of the government's response.  (ECF No. 165).  The government filed its timely opposition.  (ECF No. 169).  Mr. Labastida did not file a reply.

In his motion to vacate, Mr. Labastida asserts five arguments: (1) his plea was not knowing and voluntary because he did not receive a translated copy of the plea or indictment; (2) he was denied effective assistance of counsel because his counsel failed to argue that his sentence was disproportionate to that of his co-defendants; (3) he was denied effective assistance of counsel because his counsel agreed with the government that he was not eligible for the safety valve provision; (4) he was denied effective assistance of counsel because his counsel failed to order a mental competency evaluation; and (5) the court should reduce his sentence by two levels to give him the benefit of Guidelines Amendment 782.[2]  (ECF No. 163).

---

[2] Arguably, this claim should be treated as a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), not a habeas claim.  Nonetheless, the court analyzes and rejects this claim on the merits here.

**II.   Standard of Review**

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citation omitted).

Collateral attack is not a substitute for direct appeal; therefore, the failure to raise certain issues on direct appeal may render them procedurally defaulted on habeas review.  *United States v. Frady*, 456 U.S. 152, 165 (1982).  Issues fully litigated on direct appeal cannot be raised on collateral attack.  *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).  If the § 2255 motion, along with the files and records of the case, "conclusively show that [the petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255; *Miller*,

261 F.2d at 547.  *Pro se* petitions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**III. Analysis**

    **A. Mr. Labastida's Due Process Claim Is Not Cognizable**

Petitioner alleges that his plea was unknowing and therefore, in violation of his due process rights, because he did not receive a written Spanish translation of the indictment or plea agreement. (*See* ECF No. 163, at 3) ("The guilty plea was obtained in violation of appellant's due process rights because, written, Spanish-translations of the indictment and the plea agreement were not provided to Mr. Labastida.").³  The government correctly responds that this claim is barred by virtue of Mr. Labastida's previous direct appeal.  (ECF No. 169, at 5).  Mr. Labastida raised this exact issue on direct appeal. *See United States v. Labastida*, 700 Fed. Appx. at 193, 194 (4th Cir. 2017) (unpublished).  The United States Court of Appeals for the Fourth Circuit, however, considered and rejected the argument, stating:

> At the plea hearing, where Labastida had the aid of an interpreter, the district court reviewed the plea agreement, and Labastida stated that he agreed to its provisions. Labastida also stated that he communicated with his attorney in Spanish and that his attorney read the indictment and plea agreement to him in Spanish and answered all of his questions.  Accordingly, we conclude that the absence of a written translation does

---

³ Mr. Labastida mistakenly refers to himself as "Appellant" rather than "Petitioner" multiple times throughout his motion.

5

> not render Labastida's plea constitutionally invalid.

*Id.* "'[A]n issue raised and decided on direct appeal precludes review in a collateral proceeding[,]'" except in specific instances, "such as cases in which the law had changed since the direct appeal was decided, where new facts had been discovered in support of the claim, or where the movant had been denied the right to a full and fair hearing on direct review." *United States v. Hatala*, 29 F. Supp. 2d 728, 731 (N.D.W. Va. 1998), dismissed, 191 F.3d 449 (4th Cir. 1999) (citing *Boeckenhaupt*, 537 F.2d at 1183). Petitioner has not pointed to any change in the law, the discovery of new facts, or the denial of a full and fair hearing on direct appeal.  Accordingly, Petitioner may not relitigate this issue through a § 2255 motion.

**B.   Mr. Labastida's Ineffective Assistance of Counsel Claims Lack Merit**

Mr. Labastida brings three ineffective assistance of counsel claims against his plea counsel.  All three claims lack merit.

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance.

*Id.* at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Under the performance prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The court must evaluate the conduct at issue from counsel's perspective at the time. *Id.*, at 689.

In the context of a § 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). Moreover, Petitioner "must convince the court" that such a decision "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Unless a petitioner can make both showings, the court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Strickland,* 466 U.S. at 687. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the

7

inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.,* at 697.

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim. As the Supreme Court of the United States explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, 562 U.S. 115, 132 (2011). Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

   **1)   Failure to Argue Safety Valve Eligibility**

Mr. Labastida alleges that his plea counsel rendered ineffective assistance by failing to argue that he was eligible for the safety valve provision. (*See* ECF No. 163, at 4) ("Counsel didn't argue the eligibility of appellant to the safety valve provision, instead, counsel agreed with the government that due [to] his criminal history, appellant wasn't [] eligible"). Counsel's failure to raise this argument was entirely reasonable because the record demonstrates that Mr. Labastida was, in fact, not eligible for the safety valve provision. Eligibility for the safety valve provision requires, among other things, that a

8

defendant have no more than one criminal history point under the Guidelines. *See* 18 U.S.C. § 3553(f). At the time of his plea, however, Petitioner had two prior convictions that placed him in a Criminal History category of II. (*See* ECF Nos. 118, at 16 & 137, at 9). Counsel conceded during the sentencing hearing that the safety valve provision was unavailable to Petitioner for this reason. (ECF No. 137, at 8). Therefore, Petitioner's ineffective assistance of counsel argument fails both prongs of the *Strickland* test. It fails the first prong of *Strickland* because Petitioner cannot establish any serious error committed by counsel. As the government correctly asserts, "[a]ny argument concerning the [P]etitioner's eligibility for safety valve treatment under the sentencing guidelines would have been futile, and counsel has no obligation to advance futile arguments." (ECF No. 169, at 6). This argument also fails the prejudice prong of *Strickland* because "counsel's decision not to raise a meritless argument cannot form the basis of an ineffective assistance claim because the outcome out the proceeding would have been the same even if the meritless argument were made." (*Id.*) (citing *Oken v. Corcoran*, 220 F.3d 259, 269 (4th Cir. 2000).

    **2) Failure to Argue Petitioner's Sentence was Disproportionate**

Mr. Labastida also alleges that his plea counsel was ineffective for failing to argue that his sentence was

9

disproportionate to that of his co-defendants, one of whom received a sentence of 36 months' imprisonment and another of whom received a sentence of 42 months' imprisonment. (*See* ECF No. 163, at 4) (asserting that there was "a probability that but for cou[n]sel's unproffes[s]ional errors[,]" Petitioner would have received a shorter sentence). The record squarely contradicts this allegation. Indeed, the trial transcript shows that Mr. Labastida's plea counsel *did* argue that Mr. Labastida played a lesser role in the offense and that he should receive a sentence less than or equal to that of his co-defendants. Counsel stated at sentencing:

> I don't know if – if government trial counsel is – is trying to make him out to be more than I think he is in this. I think he was able to be led into this by his brothers because . . . he . . . [is] somebody who is more easily led as opposed to being a leader . . . . I would ask the court to sentence him [to] no worse than what [his brother] William received, and, at the very worst, the high end should be what his – what his brother – what his other brother received. So, I am asking the court to consider that to be his range, 36 to 46 months, notwithstanding the guidelines.

(ECF No. 137, at 10-11). The court acknowledged counsel's arguments, noting that Mr. Labastida "was not the mastermind [behind the crime]," but nevertheless determined that he should not receive a sentence as low as that of his co-defendants. (*Id.*, at 13) ("[H]e's been a successful businessman . . . which means that he certainly has capabilities and savvy in the business world,

10

and this was another type of business. So, I have to take it . . . with a bit of a grain of salt that he was less than a full partner with his co-conspirators."). The court instead imposed a sentence of 66 months' imprisonment, one year below the bottom of the guidelines. (*Id*., at 15). The record is clear that, although he was ultimately unsuccessful, counsel did make reasonable efforts to advocate for a lesser sentence. Mr. Labastida has not shown, by any stretch, that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Accordingly, his second claim of ineffective assistance of counsel lacks merit under *Strickland*.

    **3)  Failure to Request a Mental Health Evaluation**

Finally, Mr. Labastida alleges that his plea counsel was ineffective for failing to request that the court order a mental health evaluation. (*See* ECF No. 163, at 4) ("[A]lso defense counsel rendered ineffective assistance[] of counsel when [he] didn't request the district court to order a mental evaluation [of] Appellant."). This argument also lacks merit. As indicated by the pre-sentencing documents, Petitioner denied having any mental health issues. (*See* ECF No. 118, at 8). Mr. Labastida indicated once more at his plea hearing that he did not suffer from any mental illnesses and that he understood the consequences of pleading guilty to the offense charged. He further confirmed

11

that he understood the terms of the plea agreement. (ECF No. 136, at 4-5). Thus, the record demonstrates no reason that counsel would have probed further into unidentified mental health issues. Moreover, Mr. Labastida has not supplied the court with any factual support for this claim in his current § 2255 petition. (*See generally* ECF No. 163). Accordingly, he has failed to establish that counsel's decision not to request a mental health evaluation was unreasonable or prejudicial and his claim must fail.

### C. Sentence Reduction under Amendment 782

Mr. Labastida's last claim is that the court should reduce his sentence by two levels to give him the benefit of Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced most drug quantity base offense levels by two levels. *See* U.S.S.G., App. C, Amend. 782. This argument would be properly raised in a separate 18 U.S.C. § 3582 motion for modification of sentence.[4] Nonetheless, the court considers and rejects this claim on the merits here.

This court sentenced Petitioner on September 12, 2016. (ECF No. 137, at 13). Petitioner's pre-sentence investigation report, filed with the Court on August 22, 2016, clearly states that it

---

[4] Section 3582(c)(2) provides that district courts may reduce a defendant's prison term if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582.

12

used the 2015 Sentencing Guidelines Manual, and incorporated all Guideline amendments, to determine Petitioner's offense level. (ECF No. 118, at 4). Amendment 782 became effective on November 1, 2014. U.S.S.G. § 1B1.10(d) (2014). The court incorporated the revised Guidelines in Amendment 782 when it initially sentenced Mr. Labastida. Therefore, he already received the benefit of Amendment 782 at the time of his sentencing and is not eligible for a reduction in sentence.

## IV. CONCLUSION

For the foregoing reasons, the motion to vacate sentence filed by Petitioner Luis Labastida will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also*

*Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). After review of the record, it is clear that Petitioner does not satisfy the above standard. Accordingly, a certificate of appealability will not issue. A separate order will follow.

                                                    /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge